JAP:JAM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X

**15M 884**

UNITED STATES OF AMERICA

    -against-

ANTOINE KNIGHT,

       Defendant.

- - - - - - - - - - - - - - - - - - - X

AFFIDAVIT AND COMPLAINT
IN SUPPORT
OF APPLICATION FOR
AN ARREST WARRANT

(T. 18, U.S.C., § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

       ANDREW O'CONNELL, being duly sworn, deposes and states that he is a

Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly

appointed according to law and acting as such.

       Upon information and belief, on or about September 10, 2015, within the

Eastern District of New York, the defendant ANTOINE KNIGHT, having been convicted in

a court of one or more crimes punishable by imprisonment for a term exceeding one year, did

knowingly and intentionally possess in and affecting interstate or foreign commerce two

firearms, to wit, a silver .44 caliber Smith and Wesson revolver and a black 9mm Luger

semiautomatic pistol, and ammunition.

       (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows[1]:

1.      My information in this case comes from a review of records of the New York City Police Department ("NYPD"), the New York State Division of Parole ("Parole"), and conversations with other law enforcement officers.

2.      On May 13, 2014, following convictions for Grand Larceny in the Third Degree in violation of New York Penal Law § 155.35 and Attempted Robbery in the Second Degree in violation of New York Penal Law §§ 110/160.15(1), the defendant was released to the supervision of the New York State Division of Parole.

3.      The Court imposed, among others, the standard conditions of parole that the defendant permit a parole officer to visit him at any time at home and permit the confiscation of any contraband.  The Court imposed a condition prohibiting the defendant from possessing, among other things, a firearm or ammunition.  The defendant was also required to submit his person, residence, place of business, vehicle and any other premises under his control to a search by parole officers.

4.      On September 10, 2015, at approximately 9:30 p.m., parole officers went to the defendant's residence in Brooklyn, New York, to conduct a home visit, pursuant to the defendant's conditions of parole release.

5.      The defendant's wife answered the door and told the officers that the defendant was not home, despite it being past the defendant's court-imposed curfew.  The

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

defendant's wife called the defendant, explained that parole officers were present to conduct a search of the residence, and requested that the defendant return home. The defendant arrived at the residence approximately ten minutes later.

6.     During the search of the defendant's home, parole officers recovered two loaded firearms from the cabinet underneath the kitchen sink, to wit, a silver .44 caliber Smith and Wesson revolver and a black 9mm Luger semiautomatic pistol. Parole officers also recovered approximately 42 additional rounds of ammunition from a drawer in the kitchen cabinet. The defendant was then placed under arrest.

7.     The defendant was given <u>Miranda</u> warnings and he agreed to speak to members of law enforcement. The defendant stated in substance that the firearms and ammunition were his.

8.     Based on my training and experience, I know that Smith and Wesson and Luger brand firearms are manufactured outside of the State of New York.

9.     I have reviewed the defendant's criminal history records and have determined that the defendant has been convicted of numerous felony offenses, including: Grand Larceny in the Third Degree in violation of New York Penal Law § 155.35, a crime punishable by a term of imprisonment of more than one year, for which the New York County Supreme Court sentenced the defendant to an indeterminate term of imprisonment of 2 to 4 years; and Attempted Robbery in the Second Degree in violation of New York Penal Law §§ 110/160.15(1), a crime punishable by a term of imprisonment of more than one year,

3

for which the New York County Supreme Court sentenced the defendant to a determinate
term of imprisonment of 3 years.

WHEREFORE, your deponent respectfully requests that the defendant
ANTOINE KNIGHT be dealt with according to law.

Andrew O'Connell
Special Agent
ATF

Sworn to before me this
16th day of September, 2015

THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

4